UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETPIVOT INC.,

Plaintiff,

v. CASE NO. 8:26-cv-1242-CEH-SPF

JOHN DOES Nos. 1-10,

Defendant.
_______________________________________/

**ORDER**

Before the Court is Plaintiff PetPivot Inc.'s Renewed Motion for Leave to Serve Narrow Preliminary Third-Party Discovery and for Extension of Service Deadline (Doc. 11). For the reasons stated herein, the motion is granted.

**I. Background**

Plaintiff designs and sells automated, self-cleaning cat litter boxes through the Amazon e-commerce platform. (Doc. 1, ¶ 14). In its Complaint, Plaintiff alleges that unnamed defendants "John Does Nos. 1–10" coordinated a false-review campaign against Plaintiff's Amazon product listings by posting fraudulent, negative reviews of Plaintiff's self-cleaning cat litter boxes to demote Plaintiff's listings and divert sales to competing products. (Doc. 1, ¶¶ 2–4). In sum, Plaintiff alleges discovery of reviews posted before products were delivered, reviews posted to accounts later identified to be hijacked, and identical reviews posted across Plaintiff's product lines from the same purchaser. (Doc. 1, ¶¶ 37–52).

Based on the limited purchaser contact information Plaintiff is privy to as the seller, Plaintiff was able to identify and contact five of the purported purchasers who left fraudulent reviews. (Doc. 9 at 2). However, in each instance, the account holder detailed that they had not willing purchased Plaintiff's product and did not leave the review associated with their

account. (Doc. 9 at 2–4; Doc. 9-2–Doc. 9-6). By all appearances, these accounts were hijacked. (*Id.*). On August 26, 2026, Plaintiff sought leave to serve a third-party subpoena on Amazon prior to a Rule 26(f) conference to gather further information to confirm the true identities of Defendants, effect service, and amend the Complaint as necessary. (Doc. 9). Plaintiff also sought an extension of the discovery deadline. (*Id.*). The Court denied Plaintiff's discovery request without prejudice, finding that though there was good cause to issue the subpoena, Plaintiff's proposed subpoena was overbroad and not narrowly tailored to the alleged fraudulent transactions. (Doc. 10). The Court did grant a service extension until October 26, 2026. (*Id.*). Plaintiff now brings a renewed motion asking the Court to grant it leave to serve a revised third-party subpoena on Amazon prior to a Rule 26(f) conference. (Doc. 11). Plaintiff also requests a further 60-day extension of the service deadline. (Doc. 11 at 8).

## II. Analysis

### A. Request for Leave to Serve a Third-Party Subpoena

Under Rule 26(d), a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), unless authorized by court order. Fed. R. Civ. P. 26(d)(1). A court may authorize early discovery for the convenience of the parties or witnesses and in the interests of justice. Fed. R. Civ. P. 26(d)(3). "Courts who have dealt with [motions for early discovery] generally consider whether a plaintiff has shown 'good cause' for the early discovery." *Nu Image, Inc. v. Does* 1-3, 932, No. 11-cv-545-FtM-29SPC, 2012 WL 1623862, at * 2 (M.D. Fla. May 9, 2012); *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008).

"Within the internet context, Courts have recognized service of process can pose a special dilemma for plaintiffs in cases where the tortious activity occurred entirely online." *GoFundMe Inc. v. Does* 1-5, No. 1:23-CV-23901, 2023 WL 11992387, at *2 (S.D. Fla. Nov. 16, 2023). Accordingly, courts have developed a three-factor test for instances in which early discovery is requested to assist in the identification of certain defendants. Under this test, the moving party should be able to: (1) identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) identify all previous steps taken to locate the elusive defendant[;] and (3) establish to the Court's satisfaction that its suit against defendant could withstand a motion to dismiss. *Id.*

Here for the reasons discussed in its prior order (Doc. 10 at 2–3), the Court finds there is good cause to issue the subpoena. Moreover, the Court is satisfied that Plaintiff's revised subpoena is narrowly tailored to the alleged fraudulent transactions at issue in this matter. Unlike Plaintiff's original subpoena, which requested all identifying contact and IP tracking information for every individual or entity which has purchased and/or reviewed Plaintiff's products on Amazon, Plaintiff's revised subpoena specifically identifies 43 individual orders believed to be fraudulent purchases made by Defendants and requests identifying information for just these orders. (Doc. 11-1).

**B. Request to Extend Service Deadline**

Under Rule 4(m), a court must extend the deadline for service for good cause shown. Fed. R. Civ. P. 4(m). "To demonstrate good cause, the plaintiff must offer evidence that he (1) has proceeded in good faith, (2) has a reasonable basis for noncompliance, and (3) the basis for the delay was more than simple inadvertence or mistake." *Crossley v. Armstrong*

*Homes, Inc.*, No. 5:14-CV-117-OC-22PRL, 2014 WL 5258303, at *2 (M.D. Fla. Oct. 15, 2014). Moreover, a court in its discretion may permit an extension under Rule 4 even where no good cause is shown. *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). Here, Plaintiff maintains that the service deadline prescribed under Rule 4(m) does not apply to this matter as Plaintiff's investigation indicates Defendants are located in China. (Doc. 11 6–7). Plaintiff further argues that even if Rule 4(m) applies, good cause supports a further extension. Specifically, Plaintiff argues that ongoing obligations in "related" patent litigation against various Chinese entities has prevented Plaintiff from revising its subpoena sooner, thus enabling it to gain the necessary information to identify and serve Defendants.[1] (Doc. 11 at 7–10).

As to Plaintiff's first point, the Court highlights that Plaintiff's belief it will need to serve Defendants internationally is speculation. Indeed, no Defendant has yet to be identified. Moreover, the international exception under Rule 4(m) "cannot mean that a plaintiff has an unlimited time in which to serve a defendant overseas — with the filing of a complaint merely tolling the time until a plaintiff ultimately serves the defendant, whenever that may be." *Da v. Altafonte Corp.*, No. 20-CV-20997, 2020 WL 3078502, at *1 (S.D. Fla. June 10, 2020) (quoting *Maale v. Caico Beach Club Charter, Ltd.*, No. 08-80131-Civ, 2008 WL 11333730, at *2 (S.D. Fla. Sept. 10, 2008); *see also USHA (India) Ltd. v. Honeywell Int'l Inc.*, 421 F.3d 129, 134 (2d Cir. 2005) ("[Rule 4(m)'s] exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country."); *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) ("[T]he amount of time allowed for foreign service is not unlimited. If, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days,

[1] Counsel for Plaintiff also cites personal health issues as an additional reason for the delay.

it might be proper for a court to dismiss the claim.") (internal citations omitted). Moreover, though the Court is sympathetic to the ongoing litigation demands described in Plaintiff's motion, Plaintiff's duties and responsibilities in other matters do not negate its duties and responsibilities in this action nor can they be said to constitute good cause. Nevertheless, the Court in its discretion will grant a final 60-day extension for service as requested. Absent good cause and extenuating circumstances, no further extensions will be granted.

## III. Conclusion

Accordingly, it is **ORDERED:**

1. Plaintiff's Renewed Motion for Leave to Serve Narrow Preliminary Third-Party Discovery and for Extension of Service Deadline (Doc. 11) is GRANTED. Plaintiff shall have until December 28, 2026, to serve Defendants.

**ORDERED** in Tampa, Florida on October 15, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE